JOSHUA W. OWINGS, Plaintiff in Error, *v.* JESSE ARNOT, &c.,
                    Defendants in Error.

*Note—Alteration.*—The altering of the date of a note so as to make payable in
   the future, when by the date the time limited had already expired, is a ma-
   terial alteration, and avoids the note as to the parties not assenting thereto.
   (See Ivory v. Michael, *ante*, p. 398.)

### *Error to St. Louis Circuit Court.*

This suit was brought to the September term, 1859, of
the St. Louis Circuit Court, on a promissory note against
Lorenzo P. Sanger, Jesse Arnot, and Anderson Arnot, by
Joshua W. Owings.

The plaintiff, in his amended petition, stated that on the
14th day of May, 1859, the said Lorenzo P. Sanger made
his certain promissory note, which note was by mistake
dated St. Louis, May, 1858, the true intent and meaning
being to date said note on the said 14th day of May, 1859,
and the said Sanger thereby promised to pay, three months
after date, to the order of said Jesse and Anderson Arnot,
twenty-eight hundred and fifty-one dollars, for value received,
negotiable and payable without defalcation or discount at
the Mechanics' Bank, with ten per cent. interest after matu-
rity, which said note is on file with the original petition in
said cause; that afterwards, and on the 14th day of May,
1859, the said Jesse and Anderson Arnot, well knowing that
on said day the said Sanger had so, as aforesaid, executed
said note assigned by endorsement, and delivered said note to
said plaintiff, who thereby became and still remains the legal
owner of the same; that on the 17th day of August, 1859,
the day upon which said note became due and payable, he,
said plaintiff, discovered the mistake in the date of said note,
and the plaintiff thereupon, for the purpose of correcting
the said mistake, and in furtherance of the original inten-
tion of the parties to said note, wrote the figure "nine" over
the figure eight in the date of said note; that on the 17th
day of August, 1859, the said note was presented at the

Mechanics' Bank and payment thereof demanded, which was refused, and thereupon said note was on said day duly protested for nonpayment, and said Jesse and Anderson Arnot were immediately notified of said presentment, demand, refusal to pay, and protest; that said note remained wholly unpaid, and asked for judgment. The suit was dismissed as to Lorenzo P. Sanger. Jesse and Anderson Arnot demurred to the said amended petition.

The court below sustained said demurrer, and rendered a final judgment upon the same.

*Comfort*, for plaintiff in error.

The facts disclosed in the petition do not, in the law, constitute an alteration. An alteration in an instrument is such a change in it as does violence to the intention of the parties, so that it is not the instrument they made or intended to make. A change which simply conforms to or carries the original intention of the parties cannot be in violation of their intention, and consequently cannot be what is meant by an alteration in the law.

A bill having been dated by mistake 1822 instead of 1823, the agent of the drawer and acceptor, to whom it had been given to be delivered to the endorsee, without their knowledge or consent corrected the mistake. Held, such alteration did not vacate the bill. (Brutt v. Picard, Ry. & M. 37.)

Where the change in the instrument is merely the perfecting of an imperfection it is not such an alteration as avoids the instrument. (Atwood v. Griffin, 2 Car. & P. 369–370; Chit. on Bills, t. p. 194.)

A bill was dated 1st August. On the 2d August the bill was sent back to plaintiff on discovering the words " or order" were wanting, so that the bill could not be negotiated by endorsement. The bill having been returned to the drawer, he had the words " or order" inserted. Held, it can hardly be contended defendant (the endorser) did not consent to the alteration making this bill negotiable, as he himself endorsed it, and so considered it negotiable; but

this the court left to the jury. (Kershaw et al. v. Cox, 3 Esp. 246; Knill v. Williams, 10 East. 431.)

Holder of a bill may correct a mistake, to conform to the original intent of the parties. (Harvey v. Harvey, 15 Me. 357; Boyd v. Brotherton, 10 Wend. 93; Jacob v. Hart, 6 M. & S. 142; 2 Am. Com. Law, 226, where many of those cases are discussed; Waugh & Wife, adm'x, &c., v. Bussell, 5 Taun. 707; Sanderson et al. v. Symonds, 1 Brod. & Bing. 426; Clute v. Small, 17 Wend. 238; Rapen v. Birkbeck, 15 East. 17; Bowens v. Jewell, 2 N. H. 543; Clerk v. Blackstock, 1 Holt, N. P. 474; Cariss v. Tattersall, 2 Man. & Gr. 887; 1 Smith's L. C. 811, note.)

It is competent to show a note was given in 1842 and not in 1841. That its legal effect and rights, and liabilities and rights of the parties, would be the same as if it had been dated at the time when it was actually given. (Drake v. Rogers, 32 Me. 525.)

*Moody*, for defendants in error.

There is no pretence that the alteration made was known or consented to by defendants.

The alteration is a material one. This alteration so made invalidates the note entirely and renders it absolutely void. No action can be maintained upon it against Sanger, much less against these defendants.

If the Arnots, endorsers, should pay the note and become the holders of it, they could not maintain an action on it against Sanger, the maker. (Aubuchon v. McKnight, 1 Mo. 312; Woodsworth v. Bank of America, 1 Johns. 391; Bill, &c., v. State Bank, 7 Blackf. 456; 2 Parsons on Notes & Bills, 552 & 553; Haskell v. Champion, 30 Mo. 136.)

BATES, Judge, delivered the opinion of the court.

It cannot be truly said that the alteration of the note upon which this suit is brought is immaterial. The note purports to be payable at a certain time after the date thereof, and a reference to the date is necessary to ascertain

when the note did become due. As the date was altered, the note, at the time it was endorsed by the defendants, was payable in the future, and the defendants were chargeable with the responsibilities of endorsers of a negotiable note; whereas, as the note originally stood before the alteration, it was already past due, and they were chargeable with the responsibilities of assignors of a debt to themselves.

Without giving any opinion as to alterations whose materiality is not so apparent, it is sufficient in this case, in which the materiality clearly appears, to say that the endorsers are thereby discharged from liability.

Judgment affirmed. Judges Bay and Dryden concur.